IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DON R. ICKES, ) | |
| ) | CIVIL ACTION NO. 3:13-208 |
| Plaintiff, ) | |
| ) | JUDGE KIM R. GIBSON |
| v. ) | |
| ) | |
| CRAIG GRASSMEYER, BARRY ) | |
| AUGNST, THOMAS LASKEY, and ) | |
| RONALD GIVLER, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

**I.  Introduction**

This case arises from alleged violations of Plaintiff's constitutional, statutory, and common law rights during a traffic stop. Presently pending before the Court are the following motions: (1) Plaintiff's Motions to Enforce Subpoenas (ECF Nos. 52, 57); (2) Plaintiff's Motion to Substitute Police Chief Roland Givler, with Sgt. Barry L. Fry Jr. (ECF No. 55); and (3) Plaintiff's Motion for Names of Witnesses (ECF No. 56).[1] Plaintiff's motions are addressed separately in the Discussion section below. For the reasons that follow, Plaintiff's Motions (ECF Nos. 52, 55, 56, 57) will be **DENIED**.

**II.  Jurisdiction and Venue**

The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1441(a).

---

[1] Also pending are motions for summary judgment filed by Defendants Grassmyer, Augnst, Laskey, and Givler. (*See* ECF Nos. 44, 48.) These motions will be addressed in a separate memorandum opinion and order.

**III. Background**

Because the Court has already set out the facts of this case in detail in its Memorandum Opinion and Order on Defendants' motions to dismiss (*see* [ECF No. 16](#)), only those facts and procedural points relevant to the instant motions will discussed here.

Plaintiff, proceeding pro se, commenced this action in the Court of Common Pleas of Blair County, Pennsylvania on August 18, 2013. ([ECF No. 1-2](#).) The Complaint asserts claims for Assault and Battery (Count One), Trespass (Count Two), Conversion (Count Three), False Imprisonment (Count Four), Abuse of Process (Count Five), Conspiracy (Count Six), Failure to Train, Supervise and Discipline (Count Seven), and Civil Rights Violations (Count Eight). ([Id](#).) These claims were asserted against individual defendants Craig Grassmyer, Barry Augnst, Thomas Laskey, and Ronald Givler, as well as against the Commonwealth of Pennsylvania and Greenfield Township. ([Id](#).)

On September 6, 2013, Defendants removed the action to this Court. ([ECF No. 1](#).) Defendants filed motions to dismiss, and on July 2, 2014, the Court granted those motions in part. ([ECF No. 16](#).) Remaining in the case are (1) Plaintiff's claims against Defendants Laskey, Augnst, and Grassmyer in their personal capacities for excessive force under the Fourth Amendment, and (2) Plaintiff's claims against Defendant Givler in his personal capacity for excessive force under the Fourth Amendment, assault and battery, and civil conspiracy. ([Id. at 47](#).) The Court dismissed the Commonwealth of Pennsylvania and Greenfield Township as defendants in the case. ([Id](#).)

On October 15, 2014, after holding the Initial Rule 16 Conference at which Plaintiff failed to appear, the Court issued the Initial Scheduling Order, stating that fact discovery in this case

2

would close on January 21, 2015. (ECF Nos. 28, 29.) On January 20, 2015, the Court granted Defendants Augnst, Grassmyer, and Laskey's Motion for an Extension of Time to Complete Discovery. (ECF No. 35.) This Order extended the fact discovery deadline to February 20, 2015, but only for the "sole purpose of obtaining an authorization from plaintiff to obtain his medical records." (*Id*.) On April 14, 2015, the Court granted Defendants Grassmyer, Augnst, and Laskey's Motion to Compel, and ordered Plaintiff to provide full and complete responses to the Defendants' First Set of Interrogatories, First Request for Production of Documents, and Second Request for Production of Documents, as well as his Rule 26 Disclosures, all of which were overdue as of that date. (ECF No. 38.)

The Court held the Post-Discovery Status Conference on June 9, 2015, during which the Court was informed that Plaintiff had provided the documents and responses in accordance with the Court's Order on Defendants' Motion to Compel. (ECF No. 43.) The Court then set October 15, 2015, as the deadline for summary judgment motions to be filed. (ECF No. 42, 43.) No further extensions of the discovery deadline other than those discussed herein were requested.

**IV. Discussion**

    **A. Plaintiff's Motions to Enforce Subpoenas**

In two separate motions, filed on October 15, 2015, and on January 25, 2016, Plaintiff moves the court "to compel the Defendants to provide any and all dash cam videos taken on July 18, 2011." (ECF Nos. 52, 57.) In the second of these two motions, Plaintiff also seeks the enforcement of a subpoena against Nason Hospital. (*See* ECF No. 57.)

3

Attached to Plaintiff's first Motion to Enforce Subpoenas are two subpoenas. (*See* [ECF No. 52](#).) The first subpoena was issued to "PA State Police, Hollidaysburg Barracks, Hollidaysburg, PA 16648, ATTN: Barracks Commander or Records Custodian," and seeks "Authenticated originals OR the uncropped, complete duplicate copy of the dash camera videos of all three (3) state police vehicles used in the apprehension and detention of Don Ralph Ickes in Greenfield Twnshp. Blair Co. PA, July 18, 2011." ([ECF No. 52-1 at 1](#).) The second subpoena was issued to "Police Chief Ronald Givler, Greenfield Township Police Department, 477 Ski Gap Road, Claysburg, PA 18407," seeking "Authenticated originals or the uncropped, compete and duplicate copy of dash camera video from the township police vehicle used in the apprehension and detention of Don Ralph Ickes in Greenfield Twnshp., Blair County, PA, on July 18, 2011." (*[Id.](#)* at 2.)

Attached to Plaintiff's second Motion to Enforce Subpoenas ([ECF No. 57](#)) are what appear to be duplicate copies of the same two subpoenas that were attached to the first Motion, seeking dash cam videos. (*[Id.](#)* at 4-5.) Also attached to the second Motion is a subpoena issued to "Nason Hospital, Roaring Springs, Pa," seeking "Names of Emergency room personal [sic] that were on duty the eveing [sic] of July 18, 2011 that assisted the doctor in the treatment of Don R. Ickes. The people are asked to testify to there [sic] knowledge of events that happened." (*[Id.](#) at [3](#)*.)

In support of his Motion to the extent it requests enforcement of the subpoenas seeking dash cam videos, Plaintiff states, "[i]t is obvious that the defendants are not going to provide a copy of dash cam videos taken from the other patrol cars without a court order." (*[Id.](#)* at 1.) Plaintiff argues that the one video that was presented, and of which the Court has reviewed a

4

copy, "was cropped (Edited/blacked out) to cover up their lies and what really happened on July 18, 2011." (*Id*.) Plaintiff appears to believe that there are a total of three dash cam videos from the July 18, 2011 stop, and that he has only been given access to one of those videos, which he believes has been edited. (*Id*.)

In support of the enforcement of the subpoena seeking the names of hospital personnel, Plaintiff states, "[a] subpoena was presented to Nason Hospital staff member Mrs. Miller by my wife Shirley Ickes and myself. (Copy included) In December 2015. A call to Mrs. Miller on July 21, 2016 has received negative results." (*Id*.)

Defendant Givler filed a Response in Opposition to Plaintiff's Motion to Enforce Subpoenas. (ECF No. 59.) Defendant Givler states that the Court's case management order dated October 15, 2014 (ECF No. 29), directed that discovery would be completed by January 21, 2015. (ECF No. 59 ¶ 1.) Defendant Givler notes that this discovery deadline was extended until February 20, 2015, "for the sole purpose of permitting the Commonwealth to obtain Plaintiff's medical records." (*Id* (citing ECF No. 35).) Defendant Givler argues that, based on these documents, Plaintiff's discovery in this matter closed on January 21, 2015. Defendant Givler also notes that Plaintiff never requested additional time to engage in discovery. (*Id*. ¶¶ 8-9.) Defendant Givler argues that the Court should therefore deny Plaintiff's motion to enforce subpoenas as filed after the close of discovery and beyond the time allotted for Plaintiff to respond to Defendants' Motions for Summary Judgment. (*Id*. ¶ 13.)

Non-Party Nason Medical Center, LLC (**Nason Hospital**), also filed a Response in Opposition to Plaintiff's Motion to Enforce Subpoenas. (ECF No. 58.) Nason Hospital argues that Plaintiff's motion should be denied, because "[n]ot only does Plaintiff's Motion attempt to

5

enforce a subpoena that is both procedurally and substantively flawed, but it is moot because Nason Hospital has already provided to Plaintiff all documents in its possession, custody or control that are responsive to the Subpoena." (*Id.* at 1.) Nason Hospital states that Plaintiff requested a copy of his medical records from the hospital on or about July 10, 2013, and that Nason Hospital provided a full and complete copy of those records that same day in response to Plaintiff's request. (*Id.*) Nason Hospital notes that over two years later, on or about November 5, 2015, Plaintiff requested another copy of those records, and that again, on that same day, Nason Hospital provided a full and complete copy of Plaintiff's medical records to him. (*Id.* at 1-2.) Then, about one month later, on or about December 11, 2015, Plaintiff "attempted to personally serve a Subpoena to Produce Documents, Information or Objects" on Nason Hospital, by providing a copy of the subpoena at issue to the hospital's Patient Safety Officer, Deborah Miller, RN, BSN. (*Id.* at 2.)

Nason Hospital argues, however, that the subpoena is substantively and procedurally flawed for multiple reasons. (*Id.* at 2.) Nason Hospital states that it responded to Plaintiff's subpoena by letter dated December 23, 2015, explaining these substantive and procedural flaws, and asserting that the hospital had already produced all documents responsive to Plaintiff's request. (*Id*; ECF No. 58-3.) Specifically, the letter states that the subpoena is objectionable pursuant to FRCP 45 on the following four grounds: (1) Plaintiff attempted to serve the subpoena after fact discovery closed, and the subpoena is therefore untimely; (2) the subpoena does not specify a date and time by which Nason Hospital must produce the documents as required by FRCP 45; (3) the subpoena seeks information in the nature of an interrogatory, which is not permitted by use of a Rule 45 subpoena; and (4) Nason Hospital already produced

6

all responsive information on November 5, 2015, and therefore has no further documents to produce to Plaintiff even if the subpoena had been properly served and had made proper requests. (*Id*.)

Nason Hospital therefore requests that the Court deny Plaintiff's motion to enforce subpoena because (1) it was not properly served, (2) it seeks to circumvent the close of fact discovery in this action, (3) it is both technically and substantively deficient, and (4) it is moot because all documents responsive to Plaintiff's request were already produced to Plaintiff by Nason Hospital. (ECF No. 58 at 3.)

Plaintiff filed a reply, wherein he reiterates his request for "a copy of all dash cam videos by all police cars on July 18, 2011 . . . and the names of witness's [sic] at the Nason Hospital that help [sic] take care of Plaintiff's injuries." (ECF No. 60 at 1.) In this reply, Plaintiff goes on to propose, without support or citation, several reasons for which he believes he has not received the requested information, but does not respond substantively to the objections raised in Defendant Givler's and Nason Hospital's briefs in opposition to his Motions. Most notably, Plaintiff provides no reason for which the Court should permit additional discovery so far outside of the discovery deadline in this matter. (*See id*.)

FRCP 45 governs the procedural and substantive requirements for issuing a subpoena. *See* FED.R.CIV.P. 45. The Rule states that "[e]very subpoena must (i) state the court from which it issued; (ii) state the title of the action and its civil-action number; (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and (iv) set out the text of

7

Rule 45(d) and (e)." *Id*. The Rule also sets out requirements for service, including that a subpoena may be served by "[a]ny person who is at least 18 years old and not a party." FED.R.CIV.P. 45(b)(1).

The Court recognizes that courts are encouraged to be more lenient when a litigant proceeds pro se than they normally would be when a litigant is represented by counsel. *See Karakozova v. University of Pittsburgh*, 2010 WL 3829646, at *4 (W.D. Pa. Sept. 24, 2010) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1972)). Courts should not, however "allow pro se litigants to disregard court orders and . . . delay trial proceedings." *Id*. (citing *Wallace v. Graphic Mgmt. Associates*, 197 Fed. Appx. 138, 140 (3d Cir. 2006). Applying these principles here, the Court concludes that while certain of Plaintiff's procedural errors warrant leniency, it would be improper for the Court at this stage to reopen discovery and permit Plaintiff to belatedly request documents, particularly when Plaintiff has not sought an extension of discovery at any point in the case and has not provided the Court with any reason for which he was unable to seek the requested information within the original discovery window.

Concluding that both Motions to Enforce Subpoenas are untimely, the Court will deny Plaintiff's Motions to Enforce Subpoenas.[2] (ECF Nos. 52, 57.) The Court's Scheduling Order

---

[2] As Nason Hospital argues in its brief, Plaintiff's subpoenas suffer from several procedural flaws, which together could provide the Court with bases for denying the instant motions, even taking into account Plaintiff's pro se status. None of the subpoenas specify which district court is the "issuing court" as required by FRCP 45. (*See* ECF No 57 at 3-5.) Plaintiff has also given no indication to the Court that he served the subpoenas on other parties to the action or that he attached the required provisions of Rule 45 to the subpoenas. The subpoena requesting the names of emergency personnel is further missing the date and time by which the requested information must be produced. (*Id. at 3*.) Substantively, the subpoena requesting information from Nason Hospital is flawed for two main reasons: (1) it seeks information that Nason Hospital has demonstrated to the Court that it has already produced to Defendant; and (2) it seeks information that cannot be categorized as "documents, electronically stored information, or objects" or the inspection, copying, testing, or sampling of such material, and is thus an improper request under Rule 45 for that

dated October 15, 2014, as modified by the limited extension of discovery dated January 20, 2015, directed that fact discovery would close on January 21, 2015, and that this deadline would be extended to February 20, 2015, for the sole purpose of obtaining an authorization from Plaintiff to obtain his medical records. (*See* [ECF Nos. 29](#), [35](#).) At no point did Plaintiff request an extension of this deadline. The subpoenas requesting the production of documents from the Pennsylvania State Police and from Defendant Givler "by June 30, 2015," seek documents approximately five months outside of the January 21, 2015, discovery deadline. Similarly, Plaintiff attempted to serve on Nason Hospital the subpoena seeking the names of emergency room personnel in December of 2015—approximately eleven months after fact discovery closed. Moreover, the deadline for filing motions for summary judgment was on October 15, 2015. (*See* [ECF No. 43](#).) The Court therefore finds that it would be inappropriate for Plaintiff to conduct additional discovery at this stage, as any motion for summary judgment or responsive brief to a motion for summary judgment was due prior to December 2015. Plaintiff's Motions to Enforce Subpoenas ([ECF Nos. 52](#), [57](#)) are therefore denied.

### B. Plaintiff's Motion to Substitute

Plaintiff moves the Court "to substitute Police Chief Roland Givler with Barry Fry, Jr. as defendant." ([ECF No. 55](#).) In support of this Motion, Plaintiff states that he attempted to obtain the name of the Greenfield Police officer present at the incident on July 18, 2011, but that the only name he was given was Defendant Givler. (*[Id](#).* at 1.) Plaintiff alleges that Defendant Givler and Greenfield Township "concealed the identity of the officer on duty on July 18, 2011 of the

---

reason as well. Lastly, the Nason Hospital subpoena was not properly served, as Plaintiff "presented" the subpoena to a Nason Hospital staff member, thus violating Rule 45's requirement of service by someone "other than a party."

9

traffic stop by Pennsylvania State Police," and states that records indicate that Sgt. Barry L. Fry Jr. was dispatched to assist the Pennsylvania State Police during the incident at issue on July 18, 2011. (*Id*.) Plaintiff asserts that records show that Sgt. Fry was "one of the officers that placed handcuffs on Plaintiff too tight" and that Sgt. Fry also "pulled Plaintiff out of the Ford car with the help of Trooper Laskey." (*Id*.)

In opposition to Plaintiff's Motion to Substitute, Defendant Givler argues that the relief Plaintiff seeks is unavailable for two reasons: (1) the motion is not timely, as it was filed after the deadline for summary judgment motions; and (2) the statute of limitations with regard to the claims in this matter expired on or before July 18, 2013. (*Id*. ¶¶ 8-11.)

In reply, Plaintiff repeats his allegation that Defendant Givler has "covered up the name of the other officer on duty that evening," but fails to respond to either of the deficiencies in his Motion that Defendant Givler has pointed out. (ECF No. 60 at 2.)

The Court will deny Plaintiff's Motion to Substitute Police Chief Roland Givler, with Sgt. Barry L. Fry Jr. (ECF No. 55.) Plaintiff does not specify pursuant to what authority he seeks this substitution, and the Court is not aware of a Federal Rule or legal doctrine that would provide the relief he seeks. FRCP 25 provides for the substitution of parties in the event of death, incompetency, transfer of interest, or death or separation from office in the case of public officers. *See* FED.R.CIV.P. 25. None of these situations is present here.

FRCP 15 provides for the amendment of pleadings, and will allow such amendment to relate back for statute of limitations purposes when "changes [to] the party or the naming of the party against whom a claim is asserted," but only permits such amendment if the party to be brought into the case by the amendment "(i) received such notice of the action that it will not be

10

prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." FED.R.CIV.P. 15(c)(1). Here, neither requirement of Rule 15 has been satisfied: there is no indication that Sgt. Fry was ever given notice of this action or that he knew or should have known that he would have been sued in connection with this matter. To substitute Sgt. Fry as a party now, more than five years after the traffic stop at issue, would be inconsistent with the specific requirements of Rule 15 and with the notice requirements embedded in the Federal Rules more generally.

As Defendant Givler notes in his responsive brief, at the latest, the statute of limitations on the claims against him ran on July 18, 2013. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003) (denying motion to amend to add a new party, in part, because the two-year statutes of limitations which applied to the claims for assault and battery and claims brought under § 1983 had expired and because the plaintiff had not satisfied the procedural requirements for relation back under FRCP 15). *See also Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (claims brought under § 1983 are subject to the same statutes of limitations governing personal injury actions); *Reynolds v. Federal Bureau of Prisons*, 2010 WL 744127, at *8 (E.D. Pa. March 2, 2010) (citing *Kingston Coal Co. v. Felton Mining Co., Inc.*, 456 Pa.Super. 270, 690 A.2d 284, 287 (Pa. Super. Ct. 1997); *Ammlung v. City of Chester*, 494 F.2d 811, 814 (3d Cir. 1974)) ("Under Pennsylvania law, the statute of limitations for civil conspiracy is the same as the statute of limitations for the underlying tort."); 42 Pa. Cons. Stat. Ann. § 5524(7) (West Supp. 2003) (two-year statute of limitations applies to personal injury actions under Pennsylvania

11

law); *Id*. § 5524(1), (7) (two-year statute of limitations applies to claims for assault and battery under Pennsylvania law).

Therefore, because the statutes of limitations have run on Plaintiff's claims against Defendant Givler, because Plaintiff cannot satisfy the requirements for relation back under Rule 15, and because Plaintiff is without another rule that would permit substitution of Sgt. Fry for Defendant Givler at this stage, Plaintiff's Motion to Substitute is denied. ([ECF No. 55](#).)

### C. Plaintiff's Motion for Names of Witnesses

Plaintiff moves the Court to "order Nason Hospital to release the names of hospital staff that treated Plaintiff in the emergency room at Nason Hospital on July 18, 2011 so they can be interview [sic] to any knowledge they may have as how long [sic] the State Trooper took to remove the handcuffs from plaintiff and if they can recall if the Trooper had any difficulty taking the handcuffs off." ([ECF No. 56](#).)

Nason Hospital notes that Plaintiff's Motion for Names of Witnesses is duplicative of his Motion to Enforce Subpoenas with regard to the hospital, as both motions seek the names of hospital staff members and the production of those staff members for interviews. ([ECF No. 58 at 1 n. 1](#).) Nason Hospital therefore states that Plaintiff's Motion for Names of Witnesses should be denied for the same reasons that it urged the Court to deny Plaintiff's Motion to Enforce Subpoenas with regard to the subpoena directed toward the hospital. (*[Id](#)*.) Defendant Givler also opposes the instant motion on the ground that it was filed well outside of the fact discovery deadline in this matter. ([ECF No. 59](#).)

The Court agrees with Nason Hospital that Plaintiff's Motion for Names of Witnesses seeks relief duplicative of that sought in Plaintiff's Motion to Enforce Subpoenas. The Court also

12

takes note of the fact that Nason Hospital has explained to Plaintiff that it has already provided any information responsive to Plaintiff's request for names of staff members on multiple occasions. Lastly, as the Court explained above, fact discovery in this matter closed on January 21, 2015. Plaintiff's Motion for Names of Witnesses was filed on January 25, 2016—more than one year after that deadline. As with Plaintiff's other untimely motions, therefore, Plaintiff's Motion for Names of Witnesses is denied. ([ECF No. 56](#).)

**V.      Conclusion**

For the foregoing reasons, Plaintiff's Motions to Enforce Subpoenas ([ECF Nos. 52](#), [57](#)), Plaintiff's Motion to Substitute Police Chief Roland Givler, with Sgt. Barry L. Fry Jr. ([ECF No. 55](#)), and Plaintiff's Motion for Names of Witnesses ([ECF No. 56](#)) are denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DON R. ICKES, | ) | |
| | ) | CIVIL ACTION NO. 3:13-208 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| CRAIG GRASSMEYER, BARRY | ) | |
| AUGNST, THOMAS LASKEY, and | ) | |
| RONALD GIVLER, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 8th day of August, 2016, upon consideration of Plaintiff's Motions to Enforce Subpoenas (ECF Nos. 52, 57), Plaintiff's Motion to Substitute Police Chief Roland Givler, with Sgt. Barry L. Fry Jr. (ECF No. 55), and Plaintiff's Motion for Names of Witnesses (ECF No. 56), and in accordance with the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED** that Plaintiff's Motions are **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON